# Baldwin's Appeal. Nyce's Estate.

1. A decedent in Pennsylvania had assets in New York; administration was granted there to the Pennsylvania administrator, who filed an inventory in New York, including a mortgage on property in New Jersey, where no administration had been granted. The administrator settled an account in Pennsylvania without charging himself with the mortgage, on the ground that he had to account for it in New York. *Held*, that he was accountable for it in Pennsylvania.

2. The mortgage was in the name of the decedent, the administrator satisfied it without payment and took a new mortgage in his own name as administrator from the same mortgagor in its place, on *part* of the property covered by the first mortgage, and subject to a mortgage entered after the satisfac-

tion was entered, and on other property; the last mortgage was uncollected. *Held*, that the administrator was accountable for the last mortgage.

3. The fact that the land covered by the mortgage was in New Jersey made no difference, by the laws of that state, the Pennsylvania administrator having the right to cancel it.

4. Including the mortgage in his New York inventory did not protect the administrator, the debt not belonging to New York.

5. The ancillary administration in New York could grasp only the estate whose *situs* was there.

March 20th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Pike county :* Of July Term 1875, No 158. In the estate of George Nyce, deceased.

The decedent died intestate, November 25th 1869. His administratrix having died, administration *d. b. n.* was granted to John Baldwin, April 8th 1871.

The decedent's residence was in Pike county, Pennsylvania. He left a large amount of assets in Orange county, New York; and ancillary administration in that county was granted to the Pennsylvania administrator.

He filed an inventory in Orange county, amounting in the whole to $16,146.90. One of the items was a mortgage, made by David K. Howell to Alfred Wells, February 1st 1867, and by him assigned to the decedent, the principal being $4500, with $418.78 interest due to August 30th 1871. The inventory filed in Pike county did not include this mortgage. The mortgage was the first lien on two tracts of land in Warren county, New Jersey, one containing 102 acres, and the other 112 acres. No administration was granted in New Jersey. On the 20th of July 1872 this mortgage was "cancelled" on the record, by Baldwin, the administrator. On the 9th of March 1872, two mortgages from Howell to the Mutual Life Insurance Company of New York were recorded, one for $4000 on the 102 acre tract, and the other for $6000 on the 112 acre tract. On the 14th of July 1872, a mortgage from Howell to Maria Miller, on the 112 acre tract, for $4500, was recorded; and on the 17th of July, a mortgage from Howell to Baldwin, "administrator, &c., of George Nyce, deceased," on the 102 acre tract and on another tract of 40 acres, was recorded.

Baldwin filed his administration account in Pike county, and did not charge himself with the amount of the Howell mortgage. Exceptions were filed to the account, amongst others, that he should have so charged himself.

On the hearing before the auditor, C. W. Bull, Esq., the administrator testified that he had given bond as administrator in New York, in $50,000; that his counsel there advised him that he must account in New York for all contained in his inventory filed in that state. The original Howell mortgage was satisfied, and the other given as a substitute for it. The latter was unpaid. His counsel in New York consented that the present mortgage might become

[Baldwin's Appeal.]

a second lien.  He (administrator) was not aware of it at the time.  Process had been issued to collect his second mortgage, and served, and then stopped "for the present."  All the securities in the New York inventory had been collected except this mortgage.  He had not settled an account in New York.  The change in the Howell mortgage was done by the advice of his counsel, and with the consent of his sureties in New York.  The sureties were perfectly responsible.  Howell wanted to borrow money from the insurance company, and they would not lend except upon a first mortgage.  He asked that the Nyce mortgage should be removed and a second mortgage given, and agreed to put in the forty acres, on which there was no lien.  This was done.  The old mortgage was payable February 1st 1872 ; the last one in June 1872.  The administrator's counsel in New York advised him that it would be impracticable for him to transfer the funds there to Pennsylvania.

There was evidence that the property covered by the last mortgage, "in war times might bring $8000."

As to this mortgage, the auditor reported : * * *

"The mortgage of David K. Howell, of Warren county, New Jersey, for $4500, it being without the power of the administrator in this county to collect it by action of law and the same not having been paid to him, and having been included in the inventory and appraisement made of the funds of said decedent in Orange county, New York, as appears from the evidence and certified copy of the inventory and appraisement, and counsel for exceptant having withdrawn their claims to surcharge accountant with any of the funds in New York, your auditor refuses to surcharge the accountant with the Howell mortgage in New Jersey and dismisses so much of the exceptions as relates thereto."

The guardian of the minor children of the decedent excepted to the report of the auditor, one of the exceptions being that he refused to charge the administrator with the Howell mortgage.

The Orphans' Court, Dreher, P. J., sustained this exception and referred the report back to the auditor with instructions to charge the administrator with the mortgage and interest.

The auditor made a second report so charging the administrator.  On exception, by the administrator, to this report, it was confirmed and the administrator decreed to pay out the money, &c.

The administrator appealed to the Supreme Court and assigned the decree for error.

*C. Burnett* and *J. B. Storm* (with whom was *J. Nyce*).—The administration of an estate is in the jurisdiction in which possession of it is taken : 2 Williams on Ex'rs 1301.  The foreign administrator has the right to hold the assets of that jurisdiction : 1 Williams on Ex'rs 357 ; 2 Id. 1415 ; Story's Confl. of L., sect. 513.  The transmission of assets to the administrator of the domi-

[Baldwin's Appeal.]

cil is within the judicial discretion of the foreign jurisdiction : Harvey *v.* Richards, 1 Mason R. 408 ; Dent's Appeal, 10 Harris 514 ; Parker's Appeal, 11 P. F. Smith 478 ; Freeman's Appeal, 18 Id. 151 ; Aspden *v.* Nixon, 4 Howard 467.

*S. Holmes* (with whom was *D. M. VanAuken*), for appellee.— There was no ancillary administration in New Jersey and the home administrator had a right to receive a voluntary payment and give a release : 3 Redfield on Wills 26 ; Story's Confl. of L., sect. 515, note 2 ; Stevens *v.* Gaylord, 11 Mass. R. 256 ; Doolittle *v.* Lewis, 7 Johns. Ch. R. 49 ; Shultz *v.* Pulver, 3 Paige 182 ; Hooker *v.* Olmstead, 6 Pick. 481 ; Atkins *v.* Smith, 2 Atk. 63 ; Trecothick *v.* Austin, 4 Mason 16, 33. All debts follow the person, not of the debtor, in respect of the right or property, but of the creditor to whom due : Thorne *v.* Watkins, 2 Ves. 35 ; Doolittle *v.* Lewis, 7 Johns. Ch. R. 45 ; Brown *v.* Brown, 1 Barb. Ch. R. 189 ; Vroom *v.* VanHorn, 10 Paige 549 ; Parsons *v.* Lyman, 20 N. Y. 103 ; Middlebrook *v.* Merchants' Bank, 41 Barb. 481. Where the administration both at home and abroad has been taken by the same person, in the settlement of his account in the state where distribution is to be made, he is accountable for the net amount of what he should have received abroad : Stokely's Estate, 7 Harris 476 ; Scott's Intestate L. 33. The acts of an attorney bind the client : Lawson *v.* Bettison, 12 Ark. 401 ; Sampson *v.* Okleyer, 22 Cal. 200 ; Bethel Church *v.* Carmack, 2 Md. Ch. 143 ; Thornburg *v.* Macauley, Id. 425 ; Greenlee *v.* McDowell, 4 Ired. Eq. 481 ; Chambers *v.* Hodges, 23 Tex. 104 ; Russell *v.* Lane, 1 Barb. 519 ; Williams *v.* Walker, 2 Sandf. Ch. 325.

Judgment was entered in the Supreme Court, March 27th 1876,

PER CURIAM.—We perceive no error in this decree. The administrator clearly did acts to charge himself with the debt of the Howell mortgage.

The debt, for which the mortgage was the security only, came into the hands of the administrator as a part of the assets, so far as the facts of the case show. He chose voluntarily to cancel the mortgage and take a new security by mortgage in his own name.

The first mortgage was well secured on two tracts of land and was a first lien. The second was taken on one of them only, and a small piece additional, but subject to two large mortgages, equal and probably greater than the whole value of the land. The fact that the land held in security lay in New Jersey would make no difference in this case, for it seems the law of New Jersey permitted the cancellation of the mortgage, and the fact of cancella-

tion is certified by the proper officer. In such a case the claimants of the estate in Pennsylvania had a right to insist on his accounting for the debt here.

The fact that the administrator chose to carry the Howell mortgage into the inventory of the ancillary administration in New York cannot protect him, for the debt by no rule belonged to New York. The ancillary administration in New York could grasp within it only the estate whose *situs* was there; neither the debt nor the mortgage of Howell had any *situs* there.

Decree affirmed with costs and the appeal dismissed.